```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------

SEAN B.,

                Petitioner,         20-cv-550 (JGK)

      - against -           **MEMORANDUM OPINION AND ORDER**

CHAD F. WOLF, ET AL.,

                Respondents.

--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Sean B.,[1] a native and citizen of Jamaica, seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 1651, against the respondents, Chad F. Wolf, in his capacity as the Acting Secretary for the United States Department of Homeland Security and William P. Barr, in his capacity as the Attorney General of the United States. The petitioner requests a stay of a valid order of removal. The respondents argue that this Court lacks jurisdiction to consider the habeas petition.

    The following facts are undisputed unless otherwise noted. The Court assumes the parties' familiarity with the facts and procedural history of this case, which are set forth until September, 2019, in Sean B. v. McAleenan, 412 F. Supp. 3d 472 (D.N.J. 2019). Judge McNulty granted the petitioner's application for a writ of habeas corpus and entered a stay of

---

[1] Consistent with guidance regarding privacy concerns in immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the petitioner is identified only by his first name and last initial.

removal until 14 days after the Board of Immigration Appeals ("BIA") decided the petitioner's motion to reopen. See Sean B., 412 F. Supp. 3d at 491. The BIA subsequently denied the motion to reopen on October 24, 2019. Martinez Decl. ¶ 27. The petitioner then filed a petition for review in the Court of Appeals for the Eleventh Circuit. Id. at ¶ 28. On November 8, 2019, the petitioner filed a second motion to reopen with the BIA and requested a stay of removal; the BIA denied the stay on the same day. Id. at ¶ 29. The petitioner then filed a motion to stay removal in the Court of Appeals. Id. at ¶ 30. On December 23, 2019, the Court of Appeals denied the motion for a stay of removal. Govt. Return Ex. F. The petition for review of the BIA's October 24, 2019 denial of the motion to reopen is still pending before the Court of Appeals.

On January 21, 2020, the petitioner brought this petition for a writ of habeas corpus. The petitioner requests a stay of a valid order of removal from the United States so that the claims reflected in his November 8, 2019 second motion to reopen before the BIA can be considered by an Article III court. Subsequently, on March 23, 2020, the BIA denied the petitioner's second motion to reopen. See Dkt. No. 21-1.

Courts in the Second Circuit have consistently held that 8 U.S.C. §§ 1252(a)(5) and (g) strip district courts of jurisdiction over requests to stay removal. See Vidhja v.

2

Whitaker, No. 19-CV-613, 2019 WL 1090369, at *3-*4 (S.D.N.Y. Mar. 6, 2019) (collecting cases). Section 1252 requires that both direct and indirect challenges to removal orders be filed in the appropriate court of appeals. See Vasquez v. United States, No. 15-CV-3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015). Although the petitioner argues that he seeks not to nullify, but to stay, a removal order to protect his due process rights, a stay would render the removal order invalid and is an indirect challenge to the removal order. See Barros Anguisaca v. Decker, 393 F. Supp. 3d 344, 349-50 (S.D.N.Y. 2019) (collecting cases). Thus, Section 1252 strips this Court of jurisdiction over the habeas petition.

The petitioner argues that the Suspension Clause forbids the application of Section 1252 to his case because the writ would be improperly suspended if the petitioner, who allegedly faces certain death in Jamaica, were removed before he could bring his second motion to reopen before an Article III court.[2] However, the BIA has adjudicated both motions to reopen and the petitioner can seek review of the denials of both motions to reopen in the Court of Appeals for the Eleventh Circuit. See 8 U.S.C. §§ 1252(a)(5), (b)(2) and (b)(9). The petition to review

---

[2] The respondents argue that the Suspension Clause does not apply to the petitioner's habeas claims because the petitioner does not seek release from custody. It is not necessary to decide this issue because the writ is not suspended in this case.

3

process established by Section 1252 is an adequate and effective substitute for habeas review that does not violate the Suspension Clause. See Luna v. Holder, 637 F.3d 85, 104 (2d Cir. 2011). Indeed, the petitioner intends to appeal the BIA's denial of his second motion to reopen to the Court of Appeals, where he may raise any and all of his claims.[3] See Dkt. No. 23.

The petitioner also requests that the respondents provide him with 72 hours' notice of any adverse immigration action. The respondents have issued the petitioner a notice of a removal date of April 20, 2020. Martinez Decl. ¶ 32; Govt. Return Ex. G. Moreover, at oral argument, the respondents represented that if this date of removal were changed, it would only be moved to a later date and that the respondent would be provided with notice of the change. Accordingly, the petitioner's request is moot.

---

[3] In a post-briefing letter, the petitioner requests for the first time a stay of removal until the Supreme Court decides Nasrallah v. Barr, No. 18-1432 (argued Mar. 2, 2020). "It is well established . . . that a court should not consider arguments that are raised for the first time in a reply brief," Mateo v. Bristow, No. 12-CV-5052, 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) (internal quotation marks and citations omitted), let alone in a response to a letter submitted after briefing has been completed. In any event, the petitioner may bring this request to the Court of Appeals.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The petitioner's petition is **dismissed**. The Clerk is directed to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **April 10, 2020**

                                       /s/ John G. Koeltl
                                     **John G. Koeltl**
                             **United States District Judge**